1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXEY POPOV, | CV F   06-0409 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 8] |
| JOHN MARSHALL, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on April 10, 2006.  In the petition, Petitioner seeks reversal of the disciplinary conviction for possession of a deadly weapon, received while he was housed at Wasco State Prison.  (Petition, at 2-3.)  Petitioner alleges that he was denied due process because there was insufficient evidence to support the finding that he was in possession of the deadly weapon.  Id.

The incident occurred on October 15, 2001, and the disciplinary hearing at which Petitioner was found guilty occurred on November 18, 2001.  (Exhibit A, attached to Respondent's Motion.)  Petitioner submitted an administrative appeal challenging the disciplinary conviction, and on May 30, 2002, the appeal was denied at the Director's Level of review.  (Exhibit B, attached to Respondent's Motion.)

1

On December 18, 2003, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court, challenging the disciplinary conviction for possession of a deadly weapon.  (Exhibit C, attached to Respondent's Motion.)  The petition was denied by the Superior Court on December 31, 2003.  (Id.)  The Superior Court stated, "Petitioner has failed to adequately explain the delay of a year and a half in seeking writ relief."  (Id.)  The Court went on to state, "This unexcused delay alone justifies denial of the writ petition.  (In re Clark (1993) 5 Cal.4th 750, 765 n.5) [petitioner must explain and justify any significant delay in seeking habeas corpus relief.]"  (Id.)  The Superior Court alternatively denied the petition on the merits.  (Id.)

On February 17, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District.  (Exhibit D, attached to Respondent's Motion.)  The Court of Appeal summarily denied the petition on February 19, 2004.  (Id.)

On April 5, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on the same grounds as in the lower courts.  (Exhibit E, attached to Respondent's Motion.)  On March 16, 2005, the California Supreme Court summarily denied the petition.  (Id.)

Pursuant to the Court's order of May 1, 2006, Respondent filed the instant motion to dismiss on July 3, 2006, arguing that the instant petition is untimely.  Petitioner filed an opposition on July 20, 2006.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

1
v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

2
motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

3
(E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

4
response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

5
Supp. at 1194 & n. 12.

6
      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

7
2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in

8
procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

9
procedural default and Respondent has not yet filed a formal answer, the Court will review

10
Respondent's motion to dismiss pursuant to its authority under Rule 4.

11
C.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

12
      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

13
of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

14
writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

15
S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert.*

16
*denied,* 118 S.Ct. 586 (1997).

17
      In this case, the petition was filed on April 10, 2006, and therefore, it is subject to the

18
provisions of the AEDPA.[1]  The AEDPA imposes a one-year period of limitation on petitioners

19
seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

20
amended, § 2244, subdivision (d) reads:

21
      (1)  A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of –

22

23
            (A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

24
            (B) the date on which the impediment to filing an application created by

25

26
      [1] Petitioner's claim in his opposition that the statute of limitations does not apply to challenges to
disciplinary decisions, is without merit.  In Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004), the Ninth Circuit Court

27
of Appeals specifically held that ". . . § 2244's one-year limitation period applies to all habeas petitions filed by
persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), *even if the petition*

28
*challenges a pertinent administrative decision rather than a state court judgment*." (Emphasis added.)  Shelby, at
1063.

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. However, in a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitations does not begin to run until a petitioner's administrative appeal has been denied). Therefore, the limitations period commenced on May 31, 2002, the day after Petitioner was informed that his Director's Level appeal had been denied. (See Exhibit B, Respondent's Motion to Dismiss.) Under section 2244(d)(1)(D), Petitioner had one year until May 30, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until March 12, 2006 (the date it is signed and presumed mailed), after the limitations had expired.

D.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled

4

1    during the intervals between one state court's disposition of a habeas petition and the filing of a

2    habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see

3    also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000).

4        Although Petitioner filed three state post collateral petitions, he did not file the first

5    petition in the Kings County Superior Court until December 18, 2003, well after the statute of

6    limitations had expired.[2]  Because the petition was filed after the expiration of the limitations

7    period, it had no tolling consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)

8    (Petitioner is not entitled to tolling where the limitations period has already run); see also

9    Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354

10    (N.D.Cal.2002).  Likewise, Petitioner's subsequent state petitions had no tolling consequences.

11    Therefore, the petition remains untimely.

12    E.    Equitable Tolling

13        The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

14    that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

15    stood in his way."[3] Pace v. DiGuglielmo, 544 U.S. 408 (2005); see also Irwin v. Department of

16    Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

17    (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

18    denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

19    tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

20    Enters., 5 F.3d 391, 395 (9th Cir.1993).

21    _____

22        [2]  Even giving Petitioner the benefit of the mailbox rule does not render the instant petition timely, as the proof of service is dated November 25, 2003, which is also well after the statute of limitations expired.  (Attachment

23    2, to Respondent's Motion.)  In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed

24    to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Saffold v. Newland, 224 F.3d 1081, 1097 (9th Cir. 2000)  (applying mailbox rule to both federal and state habeas

25    corpus petitions for purposes of the AEDPA).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse

26    to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271, 108 S.Ct. at 2382.

27        [3]The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only

28    assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n. 8.

1    In his opposition, Petitioner contends that during the running of the statute of the

2   limitations he was transferred to Tehachapi State Prison on April 15, 2002, which was on lock-

3   down status for five out of the eight months that he was housed there.  Petitioner states that he

4   was then transferred to Corcoran State Prison which was on lock-down for seven months that

5   affected his opportunity to access assistance in the preparation of his writ.  Petitioner states that

6   he was ultimately transferred to CMC-East on March 14, 2004, and filed the petition for writ of

7   habeas corpus in the California Supreme Court on April 5, 2004.

8    In general, unpredictable lockdowns or library closures do not constitute extraordinary

9   circumstances warranting equitable tolling, absent a showing of how the lockdowns interfered

10  with the ability to file on time.  See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.

11  Cal. 1997) (no tolling for prisoner who failed to show how intermittent lockdowns prevented him

12  from filing his petition.); Atkins v. Harris, 1999 WL 13719, * 2 (N.D. Cal. Jan. 7, 1999)

13  ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances

14  sufficient to equitably toll the [AEDPA] statute of limitations.)

15   Petitioner has not demonstrated how the transfers or lockdown status affected his abililty

16  to file a timely petition.  See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a

17  "casual connection" between the alleged extraordinary circumstance and the failure to file a

18  timely petition), *modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006).  As to his housing

19  at Tehachapi State Prison, Petitioner concedes that he was only on lock-down status for five out

20  of the eight months that he was housed there.  (Opposition, at 1.)  Additionally, Petitioner's claim

21  that he was transferred and on lock-down status for seven months at Corcoran State Prison which

22  affected his ability to seek assistance in preparation of his writ, is too vague and conclusory to

23  warrant equitable tolling.  Petitioner provides no dates with respect to when the alleged

24  lockdowns occurred nor evidentiary support that they occurred at all during the relevant time

25  frame.

26   Petitioner is advised that ignorance of the law is not an extraordinary circumstance

27  sufficient to justify equitable tolling.  See e.g. Calderon v. United States Dist. Court (Beeler), 128

28  F.3d 1283, 1288-89 (9th Cir.1997), *overruled on other grounds by* Calderon v. United States

6

1   Dist. Court (Kelly), 163 F.3d 530 (9th Cir.1998) (en banc); Hughes v. Idaho State Bd. of

2   Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge

3   of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220

4   (10th Cir.2000) ("it is well established that ignorance of the law, even for an incarcerated pro se

5   prisoner, generally does not excuse prompt filing."); Fisher v. Johnson, 174 F.3d 710 (5th Cir.

6   1999); Warren v. Lewis, 365 F.3d 529, 532 (6th Cir.2004), *quoting* Rose v. Dole, 945 F.2d 1331,

7   1335 (6th Cir.1991) ("[i]t is well-settled that ignorance of the law alone is not sufficient to

8   warrant equitable tolling.").  Likewise, Petitioner's inability to file the writ due to the failure of

9   legal assistance is not sufficient, because prisoners in California are not entitled to legal

10   assistance, including inmate assistance, in collateral proceedings as a matter of right.

11   Pennslyvania v. Finley, 481 U.S. 551, 557 (1987) (state not required to provide appointed

12   counsel in state post-conviction proceedings); see also Miranda v. Castro, 292 F.3d 1063, 1067-

13   68 (9th Cir. 2002) (denying equitable tolling for attorney negligence because there is no right to

14   effective assistance of counsel for post-conviction relief.); Hughes v. Idaho Board of Corrections,

15   800 F.2d at 909 (lack of legal assistance is generally insufficient to justify tolling the statute of

16   limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (same).  Here, Petitioner's

17   vague allegations fail to demonstrate how the transfers and lockdowns prevented him from

18   complying with the one-year statute of limitations, and Petitioner has failed to demonstrate a

19   "but-for"connection between the alleged extraordinary circumstances and that he was attempting

20   to diligently pursue his rights.  Accordingly, Petitioner is not entitled to equitable tolling.

21                                RECOMMENDATION

22        Based on the foregoing, it is HEREBY RECOMMENDED that:

23   1.        Respondent's motion to dismiss be GRANTED, and the action be dismissed,

24             with prejudice, for a violation of the one-year statute of limitations.

25        This Findings and Recommendations is submitted to the assigned United States District

26   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

27   the Local Rules of Practice for the United States District Court, Eastern District of California.

28   Within thirty (30) days after being served with a copy, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 5, 2006**                         **/s/ Dennis L. Beck**
3b142a                                                   UNITED STATES MAGISTRATE JUDGE