UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEXEY POPOV, | ) | 1:06-cv-00409-OWW-DLB-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATIONS** (Doc. 10) |
| v. | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| JOHN MARSHALL, Warden, | ) | **DISMISS** (Doc. 8) |
| | ) | |
| Respondent. | ) | **ORDER DISMISSING ACTION** |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On September 7, 2006, the Magistrate Judge filed Findings and Recommendations that Respondent's motion to dismiss be GRANTED, and the action be dismissed, with prejudice, for a violation of the one-year statute of limitations.  These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On October 4, 2006, Petitioner filed objections to the Findings and Recommendations. (Court Doc. 11.)  Pursuant to Court order, Respondent filed a reply to Petitioner's objections on January 11, 2007.  (Court Doc. 17.)

In his objections, Petitioner continues to claim that he is entitled to equitable tolling because he was transferred twice during the running of the statute of limitations and was subjected to institutional lockdowns. (Objections, at 2-3.) Not so. As Respondent correctly argues, Petitioner has alleged no facts in support of his claim for equitable tolling based on the transfers. Although Petitioner was transferred from Wasco State Prison to the California Correctional Institution in Tehachapi on June 11, 2002, and then transferred again on April 4, 2003, to Corcoran State Prison, this does not alone constitute an extraordinary circumstance requiring tolling of the limitation period.[1] Furthermore, Petitioner does not allege facts demonstrating that the transfers were the but-for and proximate cause of his untimeliness. Moreover, Petitioner has failed to demonstrate that he was diligently pursuing his rights.

With regard to Petitioner's claim that due to institutional lockdowns he was unable to timely file his state court petition, it too is without merit. Respondent submits that although Facility III at Tehachapi was on lockdown status at various times during Petitioner's stay (Reply to Objections, Exhibit B), inmates were given access to the law library service upon written request to the Unit Librarian or Legal Officer. (Id. at Exhibit C.) After Petitioner was transferred to Corcoran State Prison on April 4, 2003, staff used the "paging" system to provide law library access to the inmates. If specific cases were requested, the staff would

---

[1] Upon arrival at Corcoran, Petitioner was initially placed in the Security Housing Unit due to overcrowding. However, on the same day, he was moved to the general population. (Reply to Objections, Exhibit A.)

2

gather the material and deliver it to the inmate's cell, which generally took five days to complete the request. The inmates were allowed to keep the materials for two weeks. (Id. at Exhibit D, Decl. of G. Goddard, ¶ 4.) During 2003, there were periods of lockdowns, and the paging system was used to accommodate the inmates during this time as well. (Id. at ¶ 5.) Petitioner does not allege facts demonstrating that the lockdowns were extraordinary circumstances, or that they were the but-for and proximate cause of his untimeliness. Nor does Petitioner demonstrate that he was diligently pursing his remedies during this time. Although there were lockdowns while Petitioner was housed at Tehachapi and Corcoran, inmates were still provided access to the law library, and Petitioner has not alleged that he attempted to gain access to the law library. Rather, Petitioner merely claims that because there were lockdowns he could not timely file his petition. Accordingly, Petitioner has not provided a sufficient basis for equitable tolling.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations, filed September 7, 2006, are ADOPTED IN FULL;

2.  Respondent's motion to dismiss, filed July 3, 2006, is

3

GRANTED for a violation of the one-year statute of limitations;

    3.    This action is therefore DISMISSED, with prejudice; and,

    4.    The Clerk of Court enter judgment.

IT IS SO ORDERED.

**Dated:**   **January 29, 2007**        **/s/ Oliver W. Wanger**
emm0d6       UNITED STATES DISTRICT JUDGE